## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL LESINSKI, | : | CIVIL ACTION NO: |
| | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| SUBURBAN PROPANE, L.P., | : | **JURY TRIAL DEMANDED** |
| | : | |
| | : | |
| *Defendant.* | : | |

## CIVIL ACTION COMPLAINT

**I.   PRELIMINARY STATEMENT:**

1.      This is an action for an award of damages, declaratory and injunctive relief, attorneys' fees and other relief on behalf of the Plaintiff, Michael Lesinski ("Plaintiff Lesinski"), a former employee of the Defendant, Suburban Propane, L.P. ("Defendant"), who has been harmed by the Defendant's discriminatory employment practices.

2.      This action arises under the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, et seq., and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq.

**II.   JURISDICTION AND VENUE:**

3.      The original jurisdiction of this Court is invoked, and venue is proper in this judicial district, pursuant to Title 28 U.S.C. §§1331 and 1391, as Plaintiff Lesinski's claims are substantively based on the ADA and a substantial part of the events giving rise to his claims occurred in this district. Fuerthermore, the Defendant regularly conducts business in and

throughout the Eastern District of Pennsylvania, maintaining an office of business therein at 60 Pittston Avenue, Yatesville, Pennsylvania 18640.

    4.    The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367 to consider Plaintiff Lesinski's claim arising under the PHRA.

    5.    All conditions precedent to the institution of this suit have been fulfilled and Plaintiff Lesinski has satisfied all jurisdictional prerequisites to the maintenance of this action. On May 15, 2014, a Notice of Right to Sue was issued by the Equal Employment Opportunity Commission ("EEOC") and this action has been filed within ninety (90) days of receipt of said notice.

## III.   **PARTIES**:

    6.    Plaintiff, Michael Lesinski ("Plaintiff Lesinski"), is a male individual and citizen of the Commonwealth of Pennsylvania, residing therein at 30 Luzerne Avenue, Dallas, Pennsylvania 18612.

    7.    Defendant, Suburban Propane, L.P. ("Defendant"), was and is now a Limited Partnership, duly organized and existing under the laws of the State of New Jersey, maintaining its corporate headquarters therein at One Suburban Plaza, 240 Route 10 West, Whippany, New Jersey 07981. Furthermore, the Defendant regularly conducts business in and throughout the Middle District of Pennsylvania, maintaining an office of business therein at 60 Pittston Avenue, Yatesville, Pennsylvania 18640.

    8.    At all times relevant hereto, the Defendant was acting through its agents, servants and employees, who were acting within the scope of their authority, course of employment, and under the direct control of the Defendant.

-2-

9.     At all times material herein, the Defendant has been a "person" and "employer" as defined under the PHRA and the ADA, and is accordingly subject to the provisions of each said Act.

## IV.    **STATEMENT OF CLAIMS**

10.     Plaintiff Lesinski, a fifty-three (53) year old individual, was employed by the Defendant from on or about June 18, 2003 until on or about November 8, 2012, the date of his unlawful termination.

11.     During the course of his entire nine and one-half (9.5) years of employment with the Defendant, Plaintiff Lesinski held the position of Customer Service Center Manager and at all times maintained a satisfactory job performance rating in said capacity.

12.     In or about February of 2012, Plaintiff Lesinski was diagnosed with Thyroid Cancer. Said medical condition constitutes a disability within the meaning of the Pennsylvania Human Relations Act and the Americans with Disabilities Act in that it substantially impairs one or more of Plaintiff Lesinski's major life activities, including, but not limited to breathing.

13.     Immediately thereafter, Plaintiff Lesinski apprised the Defendant of said diagnosis and at all times relevant hereto, the Defendant perceived Plaintiff Lesinski as being disabled. Henceforth, the Defendant embarked upon a campaign of discrimination against Plaintiff Lesinski solely on the basis of his actual and/or perceived disability and/or record of impairment (Thyroid Cancer).

14.     As treatment for his disability (Thyroid Cancer), Plaintiff Lesinski was medically required to undergo immediate surgery. Plaintiff Lesinski promptly notified the Defendant thereof and commenced a brief medical leave of absence, which was approved by the Defendant.

15.     In or about July of 2012, Plaintiff Lesinski was once again medically required to undergo surgery as treatment for his disability (Thyroid Cancer). Plaintiff Lesinski promptly informed the Defendant thereof and commenced a brief medical leave of absence, which was approved by the Defendant.

16.     Subsequently, on or about August 6, 2012, the date on which he returned to work from medical leave, Plaintiff Lesinski's physician informed Plaintiff Lesinski that he would be required to undergo Radiation Therapy as further treatment for his disability (Thyroid Cancer).

17.     Shortly thereafter, Plaintiff Lesinski's physician released him to work because Radiation Therapy was not immediately available. Pursuant to being released to work by his physician, Plaintiff Lesinski continued to perform his job duties as Customer Service Center Manager in a satisfactory manner.

18.     In or about early November of 2012, Plaintiff Lesinski learned that he was scheduled to receive Radiation Therapy within the next month and, in connection therewith, he would need to be quarantined from others for approximately one (1) week after undergoing said Radiation Therapy.

19.     On or about November 8, 2012, Plaintiff Lesinski apprised Region Two (2) General Manager, Chris Daly ("Daly"), and Region Two (2) Human Resources Coordinator, BJ Huntsinger ("Huntsinger"), thereof. Shortly after being apprised of the fact that Plaintiff Lesinski would need to undergo additional treatment for his disability (Thyroid Cancer), the Defendant through the said Daly and Huntsinger, abruptly terminated Plaintiff Lesinski's position of employment, allegedly because Daly desired to "take the branch in a new direction."

-4-

20.     At all times relevant to his employment, it was the Defendant's standard operating procedure to issue a Performance Improvement Plan ("PIP") for underperforming employees and yet, Plaintiff Lesinski never received a PIP prior to his termination. Upon information and belief, similarly-situated non-disabled employees receive at least one (1) PIP before they are terminated.

21.     Plaintiff Lesinski believes and avers that the Defendant's articulated reason for terminating his position of employment was pretextual and that the Defendant actually terminated his position of employment solely on the basis of his actual and/or perceived disability and/or record of impairment (Thyroid Cancer) and/or in retaliation for requesting a reasonable accommodation for said disability.

### COUNT I
### (PHRA - Disability Discrimination)
### Plaintiff Lesinski v. Defendant

22.     Plaintiff Lesinski incorporates by reference paragraphs 1 through 21 of his Complaint as though fully set forth at length herein.

23.     The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Lesinski to discrimination and terminating Plaintiff Lesinski solely based on his actual and/or perceived disability and/or record of impairment (Thyroid Cancer) constituted a violation of the Pennsylvania Human Relations Act ("PHRA").

24.     As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the PHRA, as aforesaid, Plaintiff Lesinski sustained permanent and irreparable harm, resulting in his termination from employment, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

25.     As a further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Lesinski suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

### COUNT II
### (ADA – Disability Discrimination)
### Plaintiff Lesinski v. Defendant

26.     Plaintiff Lesinski incorporates by reference paragraphs 1 through 25 of his Complaint as though fully set forth at length herein.

27.     The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Lesinski to discrimination and terminating Plaintiff Lesinski solely based on his actual and/or perceived disability and/or record of impairment (Thyroid Cancer) constituted a violation of the Americans with Disabilities Act ("ADA").

28.     As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the ADA, as aforesaid, Plaintiff Lesinski sustained permanent and irreparable harm, resulting in his termination from employment, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

29.     As a further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff Lesinski suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

### PRAYER FOR RELIEF

30.     Plaintiff Lesinski incorporates by reference paragraphs 1 through 28 of his Complaint as though fully set forth at length herein.

**WHEREFORE**, Plaintiff Lesinski respectfully requests that this Court enter judgment in his favor and against the Defendant, and order that:

a.      Defendant compensate Plaintiff Lesinski with a rate of pay and other benefits and emoluments of employment to which he would have been entitled had he not been subjected to unlawful discrimination;

b.      Defendant compensate Plaintiff Lesinski with an award of front pay, if appropriate;

c.      Defendant pay to Plaintiff Lesinski compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses as allowable;

d.      Defendant pay to Plaintiff Lesinski punitive damages, pre- and post-judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

e.      Defendant pay to Plaintiff Lesinski, pre-judgment and post-judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

f.      The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff Lesinski demands trial by jury.

SIDNEY L. GOLD & ASSOCIATES, P.C.

By:    */s/Sidney L. Gold, Esquire*
SIDNEY L. GOLD, ESQUIRE
I.D. NO.: 21374
1835 Market Street, Suite 515
Philadelphia, PA 19103
(215) 569-1999
**Attorney for Plaintiff**

Dated:    August 12, 2014

## VERIFICATION

I hereby verify that the statements contained in this **Complaint** are true and correct to the best of my knowledge, information and belief.  I understand that false statements herein are made subject to the penalties of Title 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.


DATE: _8/11/14_                        _____
                                       Michael Lesinski, Plaintiff